25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Raymond W. McDONALD, Petitioner-Appellant,
v.
PEABODY COAL COMPANY, and Director, Office of Workers'
Compensation Programs, U.S. Department of Labor,
Respondents-Appellees.
 No. 93-3379.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 This appeal involves a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945, brought by the petitioner, Raymond W. McDonald, who worked more than 20 years in the coal mining industry. The respondent U.S. Department of Labor, initially unable to identify a responsible mine operator, awarded benefits to the petitioner. When the Labor Department subsequently identified the respondent Peabody Coal Company as a responsible operator, Peabody timely contested liability.
 
 
 2
 The petitioner and Peabody presented their respective positions at a hearing before an administrative law judge, who determined that the petitioner had failed to invoke the interim presumption of disability, pursuant to 20 C.F.R. Sec. 727.203(a). On this basis, the ALJ denied benefits. Upon the petitioner's motion for reconsideration, the ALJ again denied benefits, finding that, while the petitioner had invoked the presumption, Peabody had rebutted the presumption under C.F.R. Secs. 727.203(b)(3) and (4).[1] The Benefits Review Board affirmed the denial, agreeing that Peabody had rebutted the presumption under section 727.203(b)(4) by presenting evidence that the petitioner did not suffer from pneumoconiosis.
 
 
 3
 Assuming, without deciding, that the petitioner was entitled to rely on the presumption of disability, our examination of the record satisfies us that Peabody successfully rebutted the presumption, as found by the ALJ and the Board. Accordingly, the order of the Benefits Review Board is AFFIRMED.
 
 
 
 [1]
 The ALJ's opinion cited sections 727.203(b)(2) and (4) as the bases for finding rebuttal. However, from the text of the opinion, it is evident that the ALJ intended to find rebuttal under sections 727(b)(3) and (4)